# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| MALLINCKRODT PLC, *et al.*, | ) Case No. 20-12522 (JTD) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) **Re: D.I. 2962** |

## AGREED ORDER MODIFYING AUTOMATIC STAY
## TO PERMIT LITIGATION UNDER PRICE-ANDERSON ACT

Upon the motion (the "***Motion***")[2] of Cotter Corporation (N.S.L.) for an order modifying the automatic stay under section 362(a) of the Bankruptcy Code to permit the advancing of litigation involving the Debtors under the Price-Anderson Act; and the Debtors having objected to the Motion (the "***Objection***"); and Cotter and the Debtors having agreed to modification of the automatic stay on the terms set forth in this order (this "***Agreed Order***"), which resolves the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

been given and that no other or further notice is necessary; and upon the record of all the proceedings before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a limited basis as set forth herein.

2. The automatic stay of section 362(a) of the Bankruptcy Code is hereby modified to permit the Butler Litigation to proceed as against the Debtor named as a defendant therein, Mallinckrodt LLC, solely as to the Debtor's liabilities that are subject to indemnification claims under its' (or its predecessors') various contracts with the U.S. Army Corps of Engineers, as assumed by the Atomic Energy Commission, a predecessor-in-interest to the Department of Energy, to support the production of refined uranium, including its production, storage, and disposal of radioactive material, consisting of source, special nuclear, and/or byproduct material, in the greater St. Louis, Missouri area (hereinafter the "Defined Liabilities"). For the avoidance of doubt, the automatic stay is not modified and shall remain in effect as to any other claims, causes of action, or theories of liability that may be advanced by any party in the *Butler* litigation. Any recovery from the Debtors or their estates or the Reorganized Debtors shall be limited to their ability to recover the same from their indemnitors pursuant to said contracts. Any recovery from the Debtors or their estates or the Reorganized Debtors shall be limited to their ability to recover the same from their indemnitors pursuant to said contracts.

3. As essential elements to the resolution embodied in this Agreed Order, Cotter and the Debtors have additionally agreed to the following:

- Cotter and the Debtors will negotiate a stipulation providing for the Debtors' agreement not to oppose subsequent modifications to the automatic stay to permit litigation regarding the Debtors' Defined Liabilities on parallel terms to this Agreed Order, approval for which the Debtors will seek by separate motion;

- Cotter and the Debtors will negotiate the terms of Cotter's release of any Claims against the Debtors other than with respect to the Debtors' (or their predecessors') Defined Liabilities, which release shall be contained in the Debtors' plan of reorganization or the order confirming such plan and which release shall state expressly that nothing in the Debtors' plan or order confirming such plan will impair the rights of Cotter to assert against any non-Debtor party any and all claims in connection with the Debtors' Defined Liabilities or to assert claims against the Debtors that are intended to be excepted from the release as described in this paragraph.

4. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: June 23rd, 2021  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE

US-DOCS\124507200.2  
RLF1 25523316v.1