**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PAMELA BUTLER, et al., | ) |
| | ) |
| *Plaintiffs,* | ) Case No.  4:18-cv-01701-AGF |
| v. | ) |
| | ) Lead Case |
| MALLINCKRODT LLC, et al., | ) |
| | ) |
| *Defendants.* | ) |

**DEFENDANT COTTER CORPORATION (N.S.L.)'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO CONSOLIDATE**

RILEY SAFER HOLMES & CANCILA LLP
Brian O. Watson, #68678MO
Jennifer Steeve, #308082CA
Nacenté Seabury, #67248MO
70 W. Madison St., Ste. 2900
Chicago, Illinois 60602
(312) 471-8700 (main)
(312) 471-8701 (fax)
bwatson@rshc-law.com
jsteeve@rshc-law.com
nseabury@rshc-law.com
docketdept@rshc-law.com

**ATTORNEYS FOR DEFENDANT
COTTER CORPORATION (N.S.L.)**

I.  **INTRODUCTION**

The *Mazzocchio* case—*Nikki Steiner Mazzochio and Angela Steiner Kraus v. Cotter Corp., et al.*, Case No. 4:22-cv-00292-MTS—should be consolidated into this matter—*Butler v. Mallinckrodt LLC, et al.*, Case No. 4:18-cv-01701-AGF ("*Butler*")—because all claims arise from the same alleged nuclear incident. The *Mazzocchio* plaintiffs assert bodily injury arising from the radioactive properties of Manhattan Project nuclear materials. The Eighth Circuit recently confirmed that such claims arise from an alleged "nuclear incident" and thus invoke the federal jurisdiction and consolidation provisions of the Price-Anderson Act. *In re Cotter Corporation (N.S.L.)*, 22 F.4th 788, 793–94 (8th Cir. 2022). The alleged contamination of Coldwater Creek arising from Mallinckrodt, Cotter, and others' handling of Manhattan Project nuclear materials is the nuclear incident giving rise to all claims at issue. Thus, the *Mazzocchio* and *Butler* cases should be consolidated.

II.  **FACTS**

Plaintiffs filed this action against Cotter, Commonwealth Edison Company, DJR Holdings, and the St. Louis Airport Authority. Like its predecessors, the complaint alleges damages arising from the defendants' "processing, handling, and storing radioactive materials in the St. Louis area," starting with Mallinckrodt's processing of "special highly concentrated uranium" for the Manhattan Project in downtown St. Louis. Pls.' Pet. ¶ 2, 4:22-cv-00292, ECF No. 1-1. As relevant to Cotter, the complaint focuses on handling of Manhattan Project radioactive materials at a site on Latty Avenue in Hazelwood, Missouri ("Latty Avenue"). *Id.* ¶ 3. Plaintiffs allege that the radioactive materials have contaminated Coldwater Creek, Plaintiffs resided near Coldwater Creek, and Plaintiffs contracted multiple myeloma as a result. *Id.* ¶¶ 1–8, 21. Many of Plaintiffs' allegations appear to have been copied and pasted from the allegations of the *McClurg*, *Butler*, and *Banks* complaints. *See, e.g.*, *McClurg* Third Amend.

2

Compl. ¶¶ 1, 15–18, 26, 29–30, 58–60, 83, ECF No. 592; *Butler* Compl. ¶¶ 1, 16, 17, 30, 41, 59, ECF No. 1; *Banks* Second Amend. Compl. ¶¶ 1–5, 12–17, 53–69, ECF No. 12.

### III. LEGAL ARGUMENT

#### A. This Is a Price-Anderson Act Case.

As recently affirmed in this Circuit by *In re Cotter*, claims for personal injury or property damage arising from the Manhattan Project nuclear materials stored at Latty Avenue between 1969 and 1973 fall within the ambit of the Price-Anderson Act ("PAA"), 42 U.S.C. § 2210, *et seq*. *In re Cotter*, 22 F.4th at 793–96.

The PAA provides for removal to federal court and "arising under" original federal jurisdiction for claims "arising out of or resulting from a nuclear incident." 42 U.SC. § 2210(n)(2). A "nuclear incident" broadly includes "any occurrence, including an extraordinary nuclear occurrence within the United States causing . . . bodily injury, sickness, disease, or death, or loss of or damage to property, or for loss of use of property, arising out of or resulting from the radioactive . . . properties of source, special nuclear, or byproduct material." 42 U.S.C. § 2014(q).

The PAA's "unusual pre-emption provision . . . not only gives federal courts jurisdiction over tort actions arising out of nuclear accidents but also expressly provides for removal of such actions brought in state court even when they assert only state-law claims." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). In fact, the Supreme Court has underscored that the "pre-emptive force" of the PAA "is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim." *El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 484 n.6 (1999).

Here, Plaintiffs purport to allege only state-law claims—specifically for trespass (Pls.' Compl., Count I, ¶¶ 72–90), temporary and permanent nuisance (*id.*, Counts II-III, ¶¶ 91–112),

3

negligence (*id.*, Count IV, ¶¶ 113–127), negligence per se (*id.*, Count V ¶¶ 128–135), and strict liability (*id.*, Count VI, ¶¶ 136–143).  Plaintiffs expressly disavow the PAA.  *Id.* ¶¶ 11–20.  Nevertheless, Plaintiffs cannot avoid federal jurisdiction.  Here, the artful pleading doctrine applies—and not the well-pleaded complaint rule—because the PAA has "such 'extraordinary' preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims."  *Neztsosie*, 526 U.S. at 484 n.6.  Thus, plaintiff "may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law," and "a court is obligated to construe the complaint as raising a federal claim and therefore 'arising under' federal law."  *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271–72 (2d Cir. 2005).

As unequivocally affirmed by the Eighth Circuit, "the PAA provides federal question jurisdiction over the claims against Cotter."  *In re Cotter*, 22 F.4th at 796.  That holding applies in full force here, especially since Plaintiffs have copied and pasted their primary allegations from the *Banks* litigation underlying *In re Cotter*.

      **B.**      <u>**Judge Sippel's Administrative Order Supports Consolidation.**</u>

On October 15, 2018, Chief Judge Rodney Sippel issued an Administrative Order to address more than 500 lawsuits that had been filed against Mallinckrodt and Cotter alleging damages from Manhattan Project radioactive materials processed by Mallinckrodt starting in the 1940s and later handled by Cotter from 1969 to 1973.  *See* Administrative Order Regarding Radionuclide Exposure Claims Against Mallinckrodt LLC and/or Cotter Corporation (N.S.L.) (Oct. 15, 2018), *McClurg v. Mallinckrodt LLC, et al.*, Case No. 4:12-cv-00361-AGF, ECF No. 742 ("Administrative Order").

In the Administrative Order, Judge Sippel ordered the following "[t]o assure orderly and efficient proceedings" with respect to these claims:

4

> [C]urrent and future cases against Cotter and/or Mallinckrodt filed by Plaintiffs whose cases have not heretofore been a part of the consolidated court proceedings alleging Radionuclide Exposure Claim(s) against Cotter and/or Mallinckrodt arising from, related to, or in any way pertaining to any alleged exposure to ionizing radiation and/or radionuclides arising from production of uranium for the United States by Mallinckrodt and allegedly released by Mallinckrodt, Cotter and/or other Persons or Entities in the St. Louis area after 1941, including any derivative or future claims, **shall, on proper motion of a party and Order of Judge Fleissig, be transferred** to the Hon. Audrey G. Fleissig for consolidated pretrial and discovery proceedings.

Administrative Order at 1–2, ECF No. 742 (emphasis added).

Under this Administrative Order, more than 500 separate complaints alleging similar claims against Mallinckrodt and Cotter were consolidated for pretrial purposes before Judge Fleissig in the lead case of *McClurg v. Mallinckrodt LLC, et al.*, Case No. 4:12-cv-00361-AGF. On November 13, 2018, this Court issued a subsequent consolidation order under the Administrative Order, consolidating the four *Butler* cases into *McClurg*, with the lead caption of *Butler v. Mallinckrodt LLC, et al.*, Case No. 4:18-cv-01701-AGF. Other than the *Butler* cases, the remaining *McClurg* cases have since been dismissed under a Master Settlement Agreement.

### C. *In re Cotter*—the Eighth Circuit Decision in *Banks*—Supports Consolidation.

In the related *Banks* action, the district court initially rejected federal jurisdiction under the PAA over the plaintiffs' similar personal injury and property damage claims against Cotter—who had filed third-party claims against Mallinckrodt—and remanded the claims back to state court. Cotter timely appealed. On January 7, 2022, the Eighth Circuit issued its opinion and judgment reversing the district court's remand order, and reinstated federal jurisdiction under the PAA in the Eastern District of Missouri. *See In re Cotter*, 22 F.4th at 788.

The Eighth Circuit rejected the district court's rationale that the PAA did not apply because plaintiffs alleged that Cotter did not have a license or indemnity agreement relevant to the radioactive materials at issue: "Contrary to the district court's ruling, the PAA provides

5

federal question jurisdiction over all 'nuclear incidents,' regardless of whether the defendant had an applicable license or indemnity agreement. The text and history of the PAA propel this conclusion." *Id.* at 793 (citations omitted). The Eighth Circuit applied the "plain meaning" of the PAA's definition of "nuclear incident": it "means something that takes place within the United States, causing bodily injury or property damage, and arising out of the 'properties of source, special nuclear, or byproduct material,' 42 U.S.C. § 2014(q). This definition is 'facially quite broad' and renders the PAA's jurisdictional grant equally broad as a result." *Id.* at 794. In short, "the PAA applies broadly to any event causing bodily or property damage from nuclear material." *Id.* at 795. The Eighth Circuit thus confirmed that the *Banks* plaintiffs' claims arose from a "nuclear incident"—indeed, the same alleged nuclear incident giving rise both to the *Butler* matters and this matter.[1]

*In re Cotter* also acknowledged the Congressional purpose behind the PAA's 1988 amendments to broaden the scope of federal jurisdiction over claims arising from any nuclear incident. The Court specifically identified consolidation as a key benefit of the PAA designed by Congress for claims arising from the same nuclear incident. *Id.* at 794.

### D. Consolidation Here Effects the Congressional Intent Behind the PAA.

The 1988 amendments to the Price-Anderson Act ("PAA"), 42 U.S.C. § 2210, *et seq.*, provide for and encourage "the consolidation of claims arising out of any nuclear incident," such as the allegations here, "in federal district court." *In re Cotter*, 22 F.4th at 794. Specifically, "[f]ollowing any nuclear incident, the chief judge of the United States district court having jurisdiction . . . with respect to public liability actions may appoint a special caseload management panel . . . to coordinate and assign . . . cases arising out of the nuclear incident." 42

---

[1] In essence, the Eighth Circuit reached the same conclusion that this Court did nearly a decade ago. *See McClurg v. MI Holdings, Inc.*, 933 F. Supp. 2d 1179 (E.D. Mo. 2013).

6

U.S.C. § 2210(n)(3)(A). Under that provision, the district court may "consolidate related or similar claims for hearing or trial" and "assign cases to a particular judge." 42 U.S.C. § 2210(n)(3)(C). Therefore, the PAA provides for the consolidation of this case, which is based on the same nuclear incident, with the *Butler* cases.

Since *In re Cotter*, there should be no doubt that all claims alleging bodily injury or property damage from Cotter's handling of Manhattan Project radioactive materials at Latty Avenue should be consolidated for pretrial purposes in the Eastern District of Missouri. Consolidation effects Congressional intent driving the PAA's 1988 amendments to broaden federal jurisdiction. According to the Supreme Court, Congress expanded federal jurisdiction under the PAA in large part to consolidate claims arising from a nuclear incident. *El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 486–87 (1999). Congress designed this policy to "avoid the inefficiencies resulting from duplicative determinations of similar issues in multiple jurisdictions that may occur in the absence of consolidation." *Id.* The PAA's 1988 amendments

> ensure[] that every claim originating in a single nuclear incident may be considered with other similar claims. Where, as here, an incident results in multiple claims with cases filed in several counties in several states, consolidation in federal court serves to reduce uncertainty, expenditure of resources in dealing with duplicative issues, and the possibility of inconsistent outcomes.

*In re TMI Litig. Cases Consol. II*, 940 F.2d 832, 861 (3d Cir. 1991); *see also O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1102 (7th Cir. 1994) ("The experience with claims following the [Three Mile Island] accident demonstrates the advantages of the ability to consolidate claims after the nuclear incident" (quoting S.Rep. No. 218 at 13, 100th Cong., 1st Sess. 2 (1987), reprinted in 1988 U.S.C.C.A.N. 1424)); *Kerr-McGee Corp. v. Farley*, 115 F.3d 1498, 1504 (10th Cir. 1997) ("this jurisdictional framework was intended to prevent inefficient fragmentation and inconsistent resolution of nuclear tort claims by providing for their consolidation in federal court").

The long and difficult path of the related *Banks* case—being bounced between state and federal court, the anti-PAA decisions driving long appeals processes, and the general confusion surrounding the application of the PAA before *In re Cotter*—illustrates the wisdom of Congress in desiring federal consolidation for nuclear incident claims.  The state and federal PAA rulings in *Banks* and *Strong v. Republic Services, Inc.*, 283 F. Supp. 3d 759 (E.D. Mo. 2017)—ultimately reversed and rejected by the Eighth Circuit—exemplify what happens when PAA cases are distributed out across disparate jurisdictions and courts.

In contrast, the more than 500 cases consolidated before this Court were efficiently managed, with key PAA rulings affirmed on appeal (*see Halbrook v. Mallinckrodt, LLC*, 888 F.3d 971 (8th Cir. 2018)), and ultimately resolved under a Master Settlement Agreement.  In *McClurg*, this Court's early rulings on the PAA appropriately grappled with the Act's purpose and nuance and led to early preemption under the PAA, which cabined the claims to those allowable under the PAA, applied the established exposure levels in PAA cases, and ultimately led to efficient disposition of 500 plus cases.  This Court also used consolidation to impose a pleading standard, develop a tailored plaintiff's questionnaire, and establish case management and discovery orders—all of which would apply directly to *Banks*.  In other words, the Court has spent a decade developing a roadmap for these claims and is best situated to secure the just, speedy, and inexpensive determination of the *Banks* action.

Meanwhile, the other nuclear incident claims still pending continue to languish in jurisdictional fights.  *See Kitchin, et al. v. Bridgeton Landfill, et al.*, Case No. 4:18-cv-00672-CDP (with a petition for writ of certiorari recently rejected by the U.S. Supreme Court, Case No.

21-683); *Dailey, et al. v. Bridgeton Landfill, et al.*, Case No. 4-22-cv-00116-CDP (re-removed Jan. 28, 2022).[2]

Thus, this Court is uniquely situated to effectively manage *Mazzocchio* through consolidation with *Butler*.

## IV.     CONCLUSION

Cotter requests that this Court consolidate the *Mazzocchio* matter into *Butler*. This Court's prior roadmap from the *McClurg* cases will provide the most effective and efficient manner of managing these cases and expediting their resolution together.

Dated: March 17, 2022                Respectfully submitted,

/s/ Brian O. Watson
RILEY SAFER HOLMES & CANCILA LLP
Brian O. Watson, #68678MO
Lauren E. Jaffe, #6316795IL
Jennifer Steeve, #308082CA
Nacenté Seabury, #67248MO
70 W. Madison St., Ste. 2900
Chicago, Illinois 60602
(312) 471-8700 (main)
(312) 471-8701 (fax)
bwatson@rshc-law.com
ljaffe@rshc-law.com
jsteeve@rshc-law.com
nseabury@rshc-law.com
docketdept@rshc-law.com

**ATTORNEYS FOR DEFENDANT COTTER CORPORATION (N.S.L.)**

---

[2] Cotter has concurrently moved for consolidation of *Banks* and may also move for consolidation of the *Kitchin* and *Dailey* actions once jurisdiction is undisputed in those matters; the parties are still meeting and conferring regarding *Kitchin* and *Dailey*.

9

## **CERTIFICATE OF SERVICE**

I certify that on March 17, 2022, these papers were served upon all counsel of record via the Court's electronic filing system.

                        Respectfully submitted,

                        */s/ Brian O. Watson*
                        RILEY SAFER HOLMES & CANCILA LLP
                        Brian O. Watson, #68678MO
                        Lauren E. Jaffe, #6316795IL
                        Jennifer Steeve, #308082CA
                        Nacenté Seabury, #67248MO
                        70 W. Madison St., Ste. 2900
                        Chicago, Illinois 60602
                        (312) 471-8700 (main)
                        (312) 471-8701 (fax)
                        bwatson@rshc-law.com
                        ljaffe@rshc-law.com
                        jsteeve@rshc-law.com
                        nseabury@rshc-law.com
                        docketdept@rshc-law.com


                        **ATTORNEYS FOR DEFENDANT**
                        **COTTER CORPORATION (N.S.L.)**